**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4253**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

THOMAS  J.  MACWILLIAMS,  a/k/a  Greg,  a/k/a
Corporal George,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief
District Judge.  (1:06-cr-00059-IMK)

Submitted:  November 15, 2007      Decided:  November 20, 2007

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jonathan D. Fittro, Clarksburg, West Virginia, for Appellant.
Sharon L. Potter, United States Attorney, Shawn Angus Morgan,
Assistant United States Attorney, Clarksburg, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas J. MacWilliams appeals his 151-month sentence following his guilty plea and conviction for maintaining a place for the manufacture of marijuana. Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue, but stating that in his opinion, there are no meritorious issues for review. MacWilliams was advised of his right to file a pro se brief, and has done so. The Government also filed a responding brief arguing that MacWilliams waived his right to appeal his sentence, and that in the alternative, MacWilliams' sentence was reasonable. Finding MacWilliams validly waived the right to appeal his sentence, we dismiss his appeal.

The Government contends that MacWilliams waived his right to appeal any sentence based on an adjusted offense level of thirty-three or below. This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant

regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. <u>Wessells</u>, 936 F.2d at 167-68.

The district court conducted a thorough Rule 11 colloquy and specifically questioned MacWilliams about whether he understood he was waiving his right to appeal a sentence below the adjusted offense level specified in the plea agreement. MacWilliams' sentence of 151 months was properly calculated based upon an adjusted offense level below thirty-three, thereby activating the appellate waiver. The record established that MacWilliams made a knowing and voluntary waiver of his appellate rights and the waiver provision should be enforced, thus, precluding MacWilliams' <u>Anders</u> sentencing challenge.

MacWilliams argues in his pro se filing that he was coerced into pleading guilty and that the court improperly calculated his sentence, including application of the career offender guideline. As discussed above, the sentencing claims are foreclosed by MacWilliams' validly entered plea and its waiver provision. The record does not demonstrate that MacWilliams' plea, or the waiver of appellate rights contained in his plea agreement, was not knowing and voluntary.

Accordingly, we dismiss MacWilliams' appeal based upon the waiver in his plea agreement, which was knowingly and voluntarily entered. In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues

for appeal.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED